# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MUSTAFA MUSTAFIC, | ) | CASE ID: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| PREFERRED CARTAGE SERVICE, INC.; | ) | |
| JUSTIN BRICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, through his undersigned attorneys, allege upon their knowledge and upon information and belief as to all other matters as follows:

## JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff Mustafa Mustafic is a citizen of the State of Utah.

2. At all times relevant hereto, Defendant Preferred Cartage Service, Inc. ("Preferred Cartage") is a trucking company that transports freight in interstate commerce, including the State of Nebraska. Preferred Cartage is a citizen of the State of Colorado by virtue of its incorporation there and having its principal place of business located at 108 North 6th Ave., Greeley, CO 80631.

3. At all times relevant hereto, Defendant Justin Brice is a truck driver employee, agent, or servant of Preferred Cartage and who resides in and is a citizen of the State of Colorado. (Preferred Cartage and Justin Bryce are collectively referred to hereafter as "Defendants.")

4. At all times relevant hereto, Preferred Cartage was operating as a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in the Federal Motor Carrier Safety Regulations and was thus subject to such rules and regulations as promulgated and codified within 49 C.F. R. § 300, *et seq*.

5. The trucking collision that is the subject of the above-captioned matter occurred in Dawson County, Nebraska.

6. The Court has jurisdiction under 28 U.S.C. §§1331 and 1332 because the claims asserted herein raise federal questions arising under the laws of the United States, and because Plaintiff Mustafic and Defendants are citizens of different states and the matter in controversy exceeds the value of $75,000.00.

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference the allegations contained in paragraphs 1–7 above with the same force and effect as if herein set forth.

9. On or about November 28, 2018, Mustafic was occupied a semi-truck, facing westbound in stopped traffic on I-80, within Dawson County, Nebraska.

10. At said time and place, Defendant Brice, while driving a semi-truck owned by Preferred Cartage and acting in the course and scope of his duties as an authorized employee, agent, or servant of Preferred Cartage, was heading westbound on I-80 at a high rate of speed.

11. There were no vehicles between the truck driven by Mr. Brice and the stopped truck occupied by Mustafic.

12. Due to some mechanical issues, Mustafic pulled his semi-truck to the side of the road on I-80 with enough clearance for vehicles in the outside, westbound lane to safely pass him. While Mustafic was stopped but before he exited his semi-truck to inspect the motor, he was suddenly and without warning crashed into from behind and propelled forward. Mustafic's semi-truck came to a rest on the side of the road.

13. The collision caused Mustafic to sustain serious injuries.

14. There was no clearly apparent need for Brice to be driving outside of the westbound I-80 lane of traffic at a high rate of speed, and had Brice driven in a reasonable manner in any lane of traffic westbound on I-80, this collision would not have occurred.

## COUNT I
### Negligence of Preferred Cartage

15. Mustafic incorporates by reference the allegations contained in paragraphs 1–14 above with the same force and effect as if herein set forth.

16. Preferred Cartage was the registered "carrier" of the tractor under the Federal Motor Carrier Act and assumed all responsibility for the operation of the tractor.

17. Preferred Cartage is assigned Carrier Identification Number 659257 by the Department of Transportation, and that number appears in the police report authored by the Nebraska State Patrol.

18. Based on the police report, the tractor bore the placard of Preferred Cartage and displayed Preferred Cartage's name and operating authority as issued by the Department of Transportation at the time of the collision.

19. At all relevant times, Defendant Brice was operating the tractor in the normal and ordinary course and scope of employment as employee, agent, or servant of Preferred Cartage.

20. At all relevant times, Preferred Cartage knew, consented, and permitted Defendant Brice to operate the tractor-trailer.

21. Preferred Cartage failed to properly train or supervise Defendant Brice.

22. As Defendant Brice's employer or principal, Preferred Cartage is liable for the negligent acts or omissions of Defendant Brice that caused the injury to Mustafa. Preferred Cartage's negligence directly caused, or directly contributed to cause, Mustafic to suffer serious and permanent bodily injuries.

## COUNT II
### Negligence of Justin Brice, as employee of Preferred Cartage

23. Mustafic incorporates by reference the allegations contained in paragraphs 1–22 above with the same force and effect as if herein set forth.

24. Mr. Brice, Preferred Cartage's driver, acted negligently while in the course and scope of his employment as employee, agent, or servant of Preferred Cartage in the following manner:

    a. Failing to maintain a proper lookout;

    b. Failing to keep the semi-truck under proper control;

    c. Failing to operate the semi-truck in a safe and reasonable manner with regard for the safety of others; and

    d. Driving at a speed unsafe for the conditions then and there existing.

25. Defendant Brice violated state and federal statutes and regulations, including but not limited to Neb. Rev. Stat. §§ 60-6,149, and 60-6,150; Federal regulations outlined in 49 C.F.R. §§ 350–399. The violation of the state or federal statutes or regulations was a direct and proximate cause of the Mustafic's injuries.

26. Defendant Brice's negligence is attributable to Preferred Cartage under the doctrine of respondeat superior.

27. Defendant Brice's negligence directly caused, or directly contributed to cause, Mustafic to suffer serious and permanent bodily injuries.

## DAMAGES

28. Mustafic incorporates by reference the allegations contained in paragraphs 1–27 above with the same force and effect as if herein set forth.

29. As a direct and proximate result of the Defendants' negligence As set forth above, Mustafic has incurred medical expenses in excess of $36,845; future medical care reasonably

expected to occur in the name of two surgeries, one to the cervical spine in the amount of approximately $80,000–$90,000 and the other two the low back in the amount of approximately $90,000–$110,000; and lost income from business expenses for increased insurance premiums for his truck and trailer in the amount of approximately $130,000 over the next 13 years of his work life, as a result of Defendant Defendants' negligence; and additional expenses; future lost earnings capacity between $462,901.00 and $367,087.00.

## JURY DEMAND

30. Plaintiffs hereby repeat their demand for a trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants, and each of them, for special damages for medical bills incurred; the loss of earnings; and monetary damages and expenses incurred as a direct result of Defendants' negligence. Plaintiff also prays for judgment against Defendants, each of them, for general damages, including the mental pain and suffering for injuries sustained in the collision; and for all reasonable costs and expenses of this litigation and other relief as this Court deems necessary, just, and proper.

                      MUSTAFA MUSTAFIC, Plaintiff

        By: _____/s/ Danny C. Leavitt_____
            Terrence J. Salerno, # 16035
            Danny C. Leavitt, # 25626
            SALERNO & LEAVITT
            809 North 96th Street, Ste. 100
            Omaha, NE 68114
            Terry@tsalerno-law.com
            Danny@tsalerno-law.com

        Attorneys for Plaintiffs

**TO THE CLERK OF SAID COURT:**

    Please issue summons in the above entitled matter and deliver the same to Plaintiffs for service upon added Defendants as follows:

Justin Wayne Brice
727 Simpson Street
Fort Morgan, CO 807013250

Preferred Cartage Service, Inc.
108 North 6th Ave.
Greeley, CO 80631

Preferred Cartage Service, Inc.
1404 Joe McGraw St.
Garden City, KS 67846

    Service will be made via certified mail, return receipt requested.

6